885 F.2d 864
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frederick Douglass EBERHARDT, Plaintiff-Appellant,
v.
John B. TAYLOR, Warden, R.F. Wilson, Central Classification
and Records: Courts and Legal Services, Department of
Corrections, Clarence L. Jackson, Chairman of the Virginia
State Parole Board, Defendants-Appellees.
 No. 89-6678.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Sept. 19, 1989.
 
 Frederick Douglass Eberhardt, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellees.
 Before PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frederick Douglass Eberhardt, an inmate currently serving his Virginia sentence in a Pennsylvania prison pursuant to the Interstate Compact, appeals the magistrate's entry of judgment against him in an action filed pursuant to 42 U.S.C. Sec. 1983. Eberhardt argued that (1) his good conduct credits had been improperly computed, (2) he was entitled to parole, (3) a legal update sheet failed to reflect that his sentence had been reduced, and (4) Pennsylvania officials had inaccurate information in their file on Eberhardt concerning these matters. We affirm the judgment.
 
 
 2
 Our review of the record indicates that Eberhardt's claims constitute an attack on the calculation of his sentence and, as such, must be exhausted. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). The information challenged in the Pennsylvania files concerns the execution or calculation of his Virginia sentence. Eberhardt's parole concerns similarly reflect his conviction that improper computation of his sentence has had an adverse impact on his several opportunities for parole.* Finally, the allegedly incorrect legal update sheets relate directly to the overriding issue of accurate application of good time and other credits against his sentence.
 
 
 3
 Eberhardt's habeas corpus claims must be raised in a 28 U.S.C. Sec. 2254 petition once exhaustion of state remedies has occurred. Eberhardt's statement that the Supreme Court of Virginia has ruled on the same claims raised in the present lawsuit is insufficient to demonstrate exhaustion. In any subsequent habeas corpus petition, Eberhardt should state precisely what claims were raised in various state courts and, if possible, supply the court with copies of the state petition(s) and any state court order(s) disposing of his claims.
 
 
 4
 The judgment is affirmed. Eberhardt's motion for appointment of counsel is denied. As our review of the record and other materials indicates it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 *
 To the extent Eberhardt's claim alleged an entitlement to parole, the district court correctly determined that Eberhardt had no constitutional right to parole and had not alleged a denial of procedural due process. See Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 15 (1979); Franklin v. Shields, 569 F.2d 784, 788 (4th Cir.) (en banc), cert. denied, 435 U.S. 1003 (1978)